IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

DANNY DAVID WESTOVER,              Cause No. CV-05-179-M-JCL

        Petitioner,

    vs.                           FINDINGS AND RECOMMENDATION
                                  OF U.S. MAGISTRATE JUDGE
STATE OF MONTANA and
JUDGE JEFFREY H. LANGTON,

        Respondents.

    _____

On October 26, 2005, Petitioner Danny Westover filed this action for extraordinary relief and/or a writ of habeas corpus.  He also moved to proceed in forma pauperis.  The motion was granted in a separate Order.  On June 27, 2006, Westover filed a "motion to add," which was docketed as "Notice of Filing Proof of Exhaustion," and on July 11, 2006, he moved for the appointment of counsel.  Westover is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id.*

## II. Background and Westover's Allegations

On April 29, 1998, Westover was sentenced to a forty-year term of imprisonment, with twenty years suspended, based on his guilty plea in Montana's Twenty-First Judicial District Court, Ravalli County, to sexual intercourse without consent. *See* Appellant's Opening Br. at 2, *State v. Westover*, No. 05-513 (Mont. Nov. 23, 2005).[1] *See also* Pet. (doc. 2) at 1. He did not appeal.

On September 8, 2004, Westover wrote to Judge Langton, who presided over Westover's case in 1998, requesting transcripts from the case. Judge Langton denied the request on September 14, 2004. Westover again wrote to Judge Langton on September 24, and Judge Langton again denied the request on September 28, 2004. *See* Pet. at 2-3, ¶¶ 1-2. On July 18, 2005, Westover appealed, apparently by letter directed to the Montana Supreme Court.[2] *Id.* at 3, ¶ 3. On

---

[1] This document is contained in Westover's Motion to Add (doc. 5), which was too large to scan into the electronic record and is available in paper form only from the Clerk's Office.

[2] The record contains a notice of appeal that is file-stamped by the state district court August 29, 2005. *See* Pet. for Immediate Supreme Court Review, Ex. A at 1 (Notice of Appeal), *State v. Westover*, No. 05-513 (petition not filed by Montana

August 24, 2005, he submitted a petition for writ of mandate. *Id.* at 3, ¶ 4; *see also* Pet[i]tion for Writ of Mandate at 1, *State v. Westover*, No. 05-499 (Mont. Aug. 29, 2005); Notice of Filing at 1.[3]

On September 1, 2005, the Clerk of the Twenty-First Judicial District Court transmitted the record of the case to the Montana Supreme Court. *See* Notice of Transmission of Record at 1.[4]  On September 2, 2005, the Montana Supreme Court issued another Notice of Filing in a matter captioned *State v. Westover*, but the Notice gave the case number as No. 05-513. *See* Notice of Filing at 1.[5]

In sum, it appears that the Montana Supreme Court opened two cases, one for Westover's petition for writ of mandate, No. 05-499, and one for the notice of appeal, No. 05-513.[6]  The court's jurisdiction in the former was original, in the latter, appellate. *See* Mont. Code Ann. §§ 3-2-201, 202(1), 203 (2003).

---

Supreme Court) (attached to Motion to Add (doc. 5)).  Westover, however, says that he appealed on July 18, 2005.  Attached to the Petition is a letter to the Montana Supreme Court, file-stamped by that court on July 18, 2005, but it does not appear that the court opened a case file on the basis of the letter.

[3]  The latter two documents are attached to Westover's Petition (doc. 2).

[4]  Attached to Petition.

[5]  Attached to Petition.

[6]  That the appeal received a higher number than the petition for writ of mandate suggests that the notice of appeal in the record, *see* note 2 above, dated August 29, 2005, is the one that initiated Case No. 05-513.  Ultimately, however, it does not matter whether No. 05-513 was opened on July 18 or August 29, 2005.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

On September 7, 2005, the Montana Supreme Court denied Westover's Petition for Writ of Mandate. It held that Westover had not established a legitimate need for the transcripts, so Judge Langton did not have a clear legal duty to supply them. *See* Order at 1-2, *Westover*, No. 05-499 (Mont. Sept. 7, 2005).[7]

On September 28, 2005, the Montana Supreme Court granted Westover's motion for an extension of time to file his opening brief and denied his request for counsel and his request for access to the District Court file. Westover was ordered to submit his opening brief on November 21, 2005. *See* Order at 1-2, *Westover*, No. 05-513 (Mont. Sept. 28, 2005).[8] On November 23, 2005, Westover filed his brief, claiming that trial counsel was ineffective because he failed to file a notice of appeal and because he failed to object to Westover's classification as a sexually violent predator on the grounds that he did not meet the statutory criteria for such classification. Westover also raised four other issues regarding his sentence. *See* Appellant's Opening Br. at 1, *Westover*, No. 05-513 (Mont. Nov. 23, 2005).

On March 15, 2006, the Montana Supreme Court dismissed No. 05-513, holding that the only issue Westover had raised in his notice of appeal was the district court's failure to provide him with

_____

[7]  Attached to Petition.

[8]  Attached to Petition.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

transcripts and noting that Westover had failed to cite any authority in support of his position.  The court also pointed out that "[t]he time to appeal the May 16, 1998, judgment has long since expired."  Order at 2, *Westover*, No. 05-513 (Mont. Mar. 15, 2006) (citing Mont. R. App. P. 5(b)).[9]

On June 9, 2006, Westover attempted to file a "petition for immediate review" of the court's March 15 Order.  The Montana Supreme Court declined to file the "petition" and returned it to Westover.

Well before the conclusion of the proceedings in the Montana Supreme Court, on October 26, 2005, Westover filed in this Court a "Petition for Extraordinary Relief / or Habeas Corpus, and or other Rel[ie]f" in this Court.  Pet. at 1.  He states that he "appeals from the Montana Supreme Court's DENIAL of relief on two (2) issues: (1) Denial of Transcripts [and] (2) Denial for assistance of counsel."  *Id*.

### III. Motion to Add

Westover's "motion to add" was docketed as a notice of filing proof of exhaustion.  However, because Westover might have intended to add the documents as claims in his Petition, the Court will grant the motion to add and consider the documents as part of the Petition.  Of course, it is difficult to consider a brief submitted

---

[9]  Attached to Motion to Add.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

to another court as a claim for relief, but, in an abundance of caution, that is what the Court will do.

## IV. Analysis

### A. Relief Requested by Westover

The only relief Westover requests from this Court is to "reverse the ruling of the Montana state Su[]preme Court and Order the appointment of counsel under the [C]riminal Justice Act. 18 U.S.C. 3006A." At the time he made that request, Westover had an opening brief due in the Montana Supreme Court. That court had rejected his requests for transcripts and the appointment of counsel. *See Westover*, No. 05-499 (Mont. Sept. 7, 2005); *Westover* No. 05-513 (Mont. Sept. 28, 2005).

Westover's Fourteenth Amendment rights to due process and equal protection guarantee that he will not be less able than non-indigent defendants to take advantage of established state procedures for appeal as of right. *See, e.g.*, *Halbert v. Michigan*, __ U.S. __, __, 125 S.Ct. 2582, 2586-87 (2005); *Evitts v. Lucey*, 496 U.S. 387, 405 (1985). However, Westover is not entitled to counsel beyond the direct-appeal stage. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

Westover also has no federal right to obtain preparation of

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

transcripts at the expense of the State of Montana when there is no pending direct appeal.  The State is obligated to provide Westover with the tools necessary to mount a challenge to his conviction, *see Lewis v. Casey*, 518 U.S. 343, 355 (1996), but that obligation may be fulfilled, for example, by providing inmates with "a system of court-provided forms ... that ask[] the inmates to provide only the facts and not to attempt any legal analysis." *Id*. at 352.  In short, collateral attack "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  A habeas petitioner "may well have a need of a transcript (to support his claim) but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack." *United States v. MacCollum*, 426 U.S. 317, 327-28 (1976) (validating restrictions on availability of transcripts) (quoting *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)).

Thus, Westover was not entitled to either the transcripts or the appointment of counsel under federal law.  He is not entitled to the relief he requests in this Court.

## B. Federal Statute of Limitations

The alleged constitutional error underlying Westover's

attempts to obtain transcripts and counsel is trial counsel's failure to pursue an appeal, despite Westover's request that he do so.   When Westover wrote to Judge Langton requesting the transcripts, he was attempting to pursue a direct appeal.  If the Court were to construe Westover's submissions very liberally, it might consider whether trial counsel rendered ineffective assistance by failing to pursue a direct appeal.

However, Westover's federal petition was filed too late.  A one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254.[10]  In this case, the limitations period began to run on the date Westover's conviction became "final" in state court. 28 U.S.C. § 2244(d)(1)(A).  Under state law, Westover had sixty days to file a notice of appeal after the trial court entered judgment on May 6, 1998.  *See* Mont. R. App. P. 5(b); Resp't Mem. in

---

[10]  It is doubtful that federal district courts could recognize a "petition for extraordinary relief."  Even if such relief might be available in some context, it is not available here.  Persons seeking to challenge a state court's criminal judgment on federal grounds must proceed under 28 U.S.C. § 2254.  *See, e.g.*, *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").  The fact that Westover is time-barred from pursuing habeas relief does not open alternative routes to the same relief.  *See, e.g.*, *Greenawalt v. Stewart*, 105 F.3d 1287, 1287-88 (9th Cir. 1997) (per curiam) (holding that prohibition on second or successive petitions does not render federal habeas relief inadequate or ineffective); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [28 U.S.C.] § 1651(a) to escape statutory restrictions on those remedies.").

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

Supp. of Mot. to Dismiss at 3, *Westover*, No. 05-513 (Mont. Feb. 13, 2006) (stating date of entry of judgment).  Since no notice of appeal was filed, Westover's conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), sixty days after the entry of judgment, or on July 6, 1998.[11]  Therefore, Westover was required to file a petition for a writ of habeas corpus in this Court on or before July 6, 1999.

The one-year period for filing in federal court for a writ of habeas corpus is suspended while a petitioner has a "properly filed application for State post-conviction or other collateral review" pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  However, Westover says that he did nothing until he wrote to Judge Langton on September 8, 2004, to request transcripts.  The federal statute of limitations expired long before that date.  Moreover, his transcript requests do not constitute a "properly filed application.  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Here, Westover made no application; he simply wrote letters to the judge.  Consequently, his letters and subsequent appeal do not toll the federal statute of limitations.

Although the Court may raise the statute of limitations issue

---

[11]    July 5, 1999, was a Monday and might have been treated by the state court as a holiday.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

in its preliminary screening, it must also give a pro se petitioner an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Westover might be entitled to equitable tolling if he demonstrates that extraordinary circumstances beyond his control made it "impossible" for him to timely file his federal petition. *See Calderon v. United States Dist. Court* ("*Beeler*"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), *overruled on other grounds by Calderon v. United States Dist. Court* ("*Kelly IV*"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling "will not be available in most cases" and poses a "high hurdle" for a petitioner to overcome. *Id*. Petitioner has the burden of proving that he is entitled to equitable tolling. *See, e.g., Smith v. Duncan*, 274 F.3d 1245, 1250 (9th Cir. 2001) (citing *Hinton v. Pacific Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and *Herbst*, 260 F.3d at 1041-42). If Westover objects to the Court's Findings and Recommendation, he may make his case for equitable tolling in his objections.

On the record as it stands, however, this Court sees no basis for equitable tolling. Even assuming that Westover's health problems and lack of access to legal materials[12] would equitably toll a considerable period of time, the fact is that he began, in

---

[12] In unpublished opinions, the Ninth Circuit Court of Appeals has indicated that illiteracy is not a basis for equitable tolling. Here, at any rate, Westover's filings in state court prove that his illiteracy did not hinder his access to the courts.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

September 2004, to attempt to pursue a direct appeal.  At that point, it is clear that any obstacles he faced up to that time no longer prevented him from accessing the courts and no longer made it "impossible" for him to file a federal habeas petition. Nonetheless, he did not file in this Court until October 26, 2005. Under the circumstances shown in the record of this case, Westover is not entitled to equitable tolling.  To the extent his petition might be construed to raise claims other than his requests for transcripts and counsel, the petition is time-barred.

## V. Certificate of Appealability

### A. Applicable Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).  The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of
> a federal right a petitioner ... "must demonstrate that
> the issues are debatable among jurists of reason; that a
> court could resolve the issues [in a different manner];
> or that the questions are 'adequate to deserve
> encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  *See also Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. *Id*.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id*.

**B. Discussion**

As to his requests for transcripts and the appointment of counsel, Westover fails to make a substantial showing that he was

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 12

deprived of a federal constitutional right.  He is not entitled to transcripts or counsel at the State's expense outside the context of a pending trial or direct appeal.

As to the ineffective assistance claim that may, with very liberal interpretation, be discerned in the petition, the record currently before the Court shows that there can be no doubt that the federal statute of limitations bars the claim.  Whatever obstacles Westover faced before September 2004, they plainly ceased to inhibit him at the point when he began filing pro se in state court.  Still, he did not file in this Court until October 26, 2005.  Unless Westover raises some other basis for equitable tolling, a certificate of appealability should be denied.

## V. Motion for Counsel

Westover also moves for the appointment of counsel in this Court.  Because it is impossible for him to proceed, the motion is denied.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Westover's motion to add (doc. 5) is GRANTED.

2.  Westover's motion for counsel (doc. 6) is DENIED.

The Court also enters the following:

### RECOMMENDATION

Westover's Petition (doc. 2) should be DISMISSED WITH

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 13

PREJUDICE and a certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner.  Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[13] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Westover must immediately inform the Court of any change in his address.

DATED this  5th  day of September, 2006.


                              /s/ Jeremiah C. Lynch
                              Jeremiah C. Lynch
                              United States Magistrate Judge

---

[13]  In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 14