```
                                          FILED
                                       MISSOULA, MT

                                     2006 OCT 3 PM 3 55

                                      PATRICK E. DUFFY
                                   BY _____
                                         DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DANNY DAVID WESTOVER, | ) | CV-05-179-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, and | ) | |
| JUDGE JEFFREY H. LANGTON, | ) | |
| | ) | |
| Respondents. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation (dkt #7) in this matter on September 5, 2006. Petitioner Westover timely objected and so is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The Court agrees with Judge Lynch's Findings and Recommendation.

Petitioner is a state prisoner who is *pro se* seeking to proceed *in forma pauperis* for a writ of habeas corpus under 28 U.S.C. § 2254. The Parties are familiar with the procedural and factual background so they will not be recited.

Westover seeks to have the Montana Supreme Court reversed and an order from this Court for appointment of counsel. Westover had asked the Supreme Court to have transcripts of his

state district court proceedings prepared for him through a Writ of Mandate. The Court denied the Writ because he had not demonstrated a need for them where he had not yet begun an appeal process. The Court also denied his ensuing appeal for lack of an issue and because the statute of limitations for an appeal had run.

Here, Westover's federal petition is too late as well. Westover's state conviction was final on July 6, 1998 and per 28 U.S.C. § 2254 he had one year to file with his Court after his state conviction was final. See 28 U.S.C. § 2244(d)(1)(A). The time for his petition ran on July 6, 1999.

There are exceptions to this one-year statute of limitation, but Westover has not demonstrated that he is eligible. Specifically, Westover has not responded in his objections to show that he warrants equitable tolling. The Court would have considered equitable tolling had Westover shown that there were extraordinary circumstances that were beyond his control and prevented him from timely filing his petition. See *Calderon v. United States Dist. Court ("Beeler")*, 128 F.3d 1283, 1288-89 (9th Cir. 1998)(en banc).

Consequently, the Court finds no reason to overturn the Montana Supreme Court or appoint new counsel. The Petition fails.

Nor should Westover be given a certificate of appealability where he has not made a substantial showing of the denial of a constitutional right. *Lambright v. Stewart*, 220 F.3d 1022, 1024

(9th Cir. 2000). The Court finds no reason to disagree with Judge Lynch's findings where Westover has not made a substantial showing that he has been deprived of a constitutional right.

Thus, based on the foregoing, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (dkt #7) are adopted in full:

Westover's Petition is DISMISSED WITH PREJUDICE (dkt #2) and the certificate of appealability is DENIED.

DATED this 3rd day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court